**UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF WISCONSIN**

---

**In Re:**

**ZACHERY R. LEAVER**

        **Debtor/Debtor in Possession.**        **Case No:  21-10905-cjf (Chapter 12)**

---

**SECOND AMENDED CHAPTER 12 PLAN
FILED ON JUNE 21, 2022**

---

**1**.  The future earnings of the debtor are submitted to the supervision and control of the Trustee. The debtor shall pay to the Chapter 12 Trustee the yearly sum of **$24,651.97 plus Chapter 12 Trustee Fees of $2,218.67 (9.0%) for a total yearly payment of $26,870.64**. The Plan shall run for three (3) years/three (3) payments **with the first payment due on or before December 31, 2022**. Any increase in the Chapter 12 Trustee Fees shall be as directed by the U. S. Trustee's Office. Pursuant to code section 1227(b), title to all property vests back into the debtor upon plan confirmation.

### YEARLY PAYMENTS

| | |
|---|---|
| 3.A.I.) Wisconsin Bank & Trust | Paid Direct ($36,493.20/year) |
| 3.A.II) Wisconsin Bank & Trust | Paid Direct ($20,362.32/year) |
| 3.A.III) Wisconsin Bank & Trust | $8,126.40/year though Trustee's Office |
| 3.B.) FSA | Paid Direct ($13,998.60/year) |
| 3.C.) Stearns | Paid by Sale |
| 3.D.) Green County Treasurer | **$4,408.08/year through Trustee's Office** |
| 4.A.) Wisconsin Dept of Revenue | Paid Pro Rata |
| 4.B.) Internal Revenue Service | Paid Pro Rata |
| 6.) Unsecured creditors | Paid Pro Rata |
| 2.) Attorney Fees | Paid Pro Rata |
| 7.B.1.) Trustee Fee (9%) | *Fees are Paid as Authorized by the United States Trustee* |
| **TOTAL YEARLY PAYMENT to TRUSTEE** | **$26,870.64** |

2. **ADMINISTRATION EXPENSES**:

**Pittman & Pittman Law Offices, LLC**
**712 Main Street**
**La Crosse, WI  54601**

(Subject to approval of Court)                                                              (Est.) **$30,000.00**

3. **SECURED CREDITORS**:

A.   **Wisconsin Bank & Trust**
     **119 Junction Rd**
     **Madison, WI  53717**

   I.

   Wisconsin Bank & Trust has a properly perfected 1st position secured claim on the debtor's real estate (homestead/farm – W3057 Greenbush Rd, Juda, WI 53550) & business personal property in the amount of $566,501.25 (claim 5).  This claim shall be amortized over 30 years at 5.0% for yearly payments of $36,493.20.  This payment shall be made directly to the creditor on or before December 31st of each year with the first payment on or before December 31, **2022**.  Wisconsin Bank & Trust shall retain its lien on this property until paid in full. Upon default of any payment(s) to be made in sections A I., II., or III, and notice in writing of the default from Wisconsin Bank & Trust's counsel providing the debtor a right to cure within 15 days, the court will automatically grant relief as bank requests. Additionally, an escrow payment of $225.00/month will be paid direct to Wisconsin Bank & Trust on a monthly basis to be held in escrow by Wisconsin Bank & Trust and used to pay yearly real estate taxes on the debtor's real estate.

                                                                                   **Paid Direct ($36,493.20/year)**

   II.

   Wisconsin Bank & Trust has a properly perfected 3rd position secured claim on the debtor's real estate (homestead/farm – W3057 Greenbush Rd, Juda, WI 53550) & business personal property in the amount of $316,092.98 (claim 6).  This claim shall be amortized over 30 years at 5.0% for yearly payments of $20,362.32.  This payment shall be made directly to the creditor on or before December 31st of each year with the first payment on or before December 31, **2022**.  Wisconsin Bank & Trust shall retain its lien on this property until paid in full.  Upon default of any payment(s) to be made in sections A I., II., or III, and notice in writing of the default from Wisconsin Bank & Trust's counsel providing the debtor a right to cure within 15 days, the court will automatically grant relief as bank requests. Additionally, an escrow payment of $225.00/month will be paid direct to Wisconsin Bank & Trust on a monthly basis to be held in escrow by Wisconsin Bank & Trust and used to pay yearly real estate taxes on the debtor's real estate.

                                                                                   **Paid Direct ($20,362.32/year)**

III.

Wisconsin Bank & Trust has a properly perfected 4th position secured claim on the debtor's real estate (homestead/farm – W3057 Greenbush Rd, Juda, WI 53550) & business personal property in the amount of $126,149.97 (claim 7). This claim shall be amortized over 30 years at 5.0% for yearly payments of $8,126.40. This payment shall be made through the Chapter 12 Trustee's office during the life of the plan. Once the plan is completed, the yearly payments shall be made directly to Wisconsin Bank & Trust under the same terms as set out in this paragraph. Wisconsin Bank & Trust shall retain its lien on this property until paid in full. Upon default of any payment(s) to be made in sections A I., II., or III, and notice in writing of the default from Wisconsin Bank & Trust's counsel providing the debtor a right to cure within 15 days, the court will automatically grant relief as bank requests. Additionally, an escrow payment of $225.00/month will be paid direct to Wisconsin Bank & Trust on a monthly basis to be held in escrow by Wisconsin Bank & Trust and used to pay yearly real estate taxes on the debtor's real estate.

**Yearly Payment through Trustee's Office ($8,126.40/year)**

B.    **Farm Service Agency**
**8030 Excelsior Drive, STE 100**
**Madison, WI  53717**

FSA has a properly perfected 2nd position secured claim the debtor's farm real estate in the amount of $295,237.98 (claim 1) which is only inferior to Wisconsin Bank and Trust's 1st position lien of $566,501.25 as set out above under above paragraph 3.A.I. This claim shall be amortized over 30 years at 2.5% for yearly payments of $13,998.60. This payment shall be paid direct to FSA on or before December 31st of each year with the first payment on or before December 31, **2022**. FSA shall retain its lien on this property until paid in full. Upon default of any payment(s) to be made in this paragraph and notice in writing of the default from Farm Service Agency's counsel providing the debtor a right to cure within 15 days, the court will automatically grant relief as bank requests.

**Paid Direct ($13,998.60/year)**

C.    **Stearns Bank NA**
**c/o Hannah C. Gilbert**
**4191 2nd Street South**
**St. Cloud, MN  56301**

Stearns Bank NA has a properly perfected secured claims (Purchase Money Security Interests) on the debtor's farm personal property in the amount of $111,176.79 (claim 8). This claim shall be paid though the sale of the equipment subject to the Purchase Money Security Interests as set out in claim 8. Stearns Bank NA shall retain its lien on this property until paid in full.

**Paid by Sale**

    **D.**    **Green County Treasurer**
           **1016 16th Ave**
            **Monroe, WI  53566**

Green County Treasurer has a statutorily perfected secured claim on the debtor's real estate property for the 2018, 2019, & 2020 tax years in the amount of **$16,513.89 (claim 12). This claim shall be amortized over five (5) years @ 12.0% interest for a yearly payment of $4,408.08.  This payment shall be made through the Chapter 12 Trustee's office during the life of the plan.  After the plan is completed, the debtor shall make direct payments of $4,408.08/year until paid in full**

                **Yearly Payment through Trustee's Office ($4,408.08/year)**

**4.**    **PRIORITY CREDITORS**

    **A.**    **Wisconsin Department of Revenue**
           **Special Procedure Unit**
            **PO Box 8901**
            **Madison, WI  53708-8901**

**The Wisconsin Department of Revenue has a priority unsecured claim in the amount of $36.03.  This claim shall be paid through the Chapter 12 Trustee's Office on a pro rata basis at 0.0% interest.**

                **Paid Pro Rata**

    **B.**    **Internal Revenue Service**
            **211 West Wisconsin, M/S 5301 MIL**
            **Milwaukee, WI  53203**

**The Internal Revenue Service has a priority unsecured claim in the amount of $4,816.44.  This claim shall be paid through the Chapter 12 Trustee's Office on a pro rata basis at 0.0% interest.**

                **Paid Pro Rata**

**5.**    **LEASES**

Any and all leases are assumed. If the debtor elects to reject a lease, the debtor shall do so under separate cover to be filed with the Court.

                **All Farm Leases Are Assumed**

**6.**    **UNSECURED CREDITORS**:

The unsecured creditors who file claims and their claims are approved by the Bankruptcy Court shall receive a pro rata payment from the Chapter 12 Trustee.

        The payment to the unsecured creditor class is based on the debtor's liquidation analysis and all general unsecured claims filed prior to the claims' deadline. Any claims filed after the general unsecured claims deadline of 07/06/2021 (10/25/2021 deadline for government claims) shall not be paid and shall receive no distribution in this plan unless filed by the debtors' attorney in the prescribed statutory time period after the creditor exclusivity period.

**Paid Pro Rata**

7. **ADMINISTRATIVE**

   a. All payments made under the Plan shall be made to the Chapter 12 Trustee in the form of check or money order showing the Chapter 12 Case number. Payment to the Chapter 12 Trustee shall constitute payment to the creditors for the purpose of calculating any interest.

   b. 1. The Chapter 12 Trustee shall deduct from payment to the Chapter 12 Trustee, the fee which is set, from time to time by the Court or the United States Trustee Office. Regardless of any other provision of the Plan, the Chapter 12 Trustee shall make payments only to creditors holding timely filed and allowed claims.

      2. Payments provided herein for claims which are not allowed or are disallowed and any avoidance recovery shall be distributed to administrative, priority, and general unsecured creditors as provided under the Plan.

   c. All changes in interest rates as provided by the Plan under 3(a) and (b) shall be given in writing to the Chapter 12 Trustee at least thirty (30) days in advance of change.

   d. n/a

   e. The effective date of the Plan shall be thirty (30) days after the Court approves the Plan.

   f. The debtor shall provide to the Chapter 12 Trustee quarterly cash flow statements, a copy of the debtor's federal income tax return, and upon demand, any record which normally would be kept in the course of debtor's business.

   g. Governmental claims arising under 11 U.S.C. § 1232 shall be (1) treated as general unsecured claims arising before the date of filing, (2) are not entitled to priority claim treatment, and (3) shall be discharged in accordance with 11 U.S.C. §§ 1228 & 1232. If the debtor(s) file a tax return for a period for which such a claim arises, the debtor(s) shall prepare and serve a notice of the claim on the governmental unit(s) charged with the responsibility for the collection of the tax in accordance with 11 U.S.C. § 1232(d)(2) and, to the extent that the governmental unit(s), the debtor(s), or the Trustee timely files a proof of claim pursuant 11 U.S.C. § 1232(d)(3), the claim shall be included in and receive pro rata treatment under Paragraph 6.

    h.    This Court shall retain jurisdiction for the purposes of any potential sales under code section 363 or section 1206.

**Dated this    21st    day of June, 2022, at Madison, Wisconsin.**

        **PITTMAN & PITTMAN LAW OFFICES, LLC**

    **By:**    **s/Wade M. Pittman**
        **Wade M. Pittman**
        **Attorney No:  1090712**
        **Attorney for Debtor**
        **702 N Blackhawk Ave, STE 101**
        **Madison, WI  53705**
        **(608) 233-43336**